UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-mc-80743-Middlebrooks-Matthewman

IN RE APPLICATION OF
ORTHOGEN INTERNATIONAL GmbH,

    Petitioner,

For an order pursuant to 28 U.S.C. § 1782
to conduct discovery for use in a foreign
proceedings.
_____/

**MOTION FOR EXTENSION OF DEADLINE AND RELATED RELIEF**

Petitioner Orthogen International GmbH ("Orthogen") files this motion to request that the Court (i) extend the deadline for Orthogen to take the depositions of Edward and Yolanda Capla (the "Caplas") from March 11, 2024 to March 29, 2024, (ii) order that, absent a stay from the Eleventh Circuit or agreement by all parties on alternative dates for the depositions, Mrs. Capla must appear for her deposition on March 28, 2024 and Mr. Capla must appear for his deposition on March 29, 2024, (iii) order the Caplas to produce all documents in their possession, custody and control that are responsive to the subpoenas they were served in this matter by March 13, 2024 and (iv) order that, in the event the Court grants Orthogen's pending application to issue a subpoena to Chase and Orthogen does not receive responsive records from Chase prior to the dates of the Caplas' depositions and Chase produces records beyond those produced by the Caplas, Orthogen is authorized to recall the Caplas for supplemental deposition questioning limited to such records.

    1.    On May 15, 2023, the Court granted Orthogen authorization pursuant to 18 U.S.C. § 1782 to serve the Caplas with subpoenas for documents and testimony (the "Subpoenas").

    2.    On October 16, 2023, Magistrate Judge Matthewman entered an Order Overruling

the Caplas' Objections to the Subpoenas (the "Magistrate Order") [DE 38]. In the Magistrate Order, Judge Matthewman directed that depositions of the Caplas take place by November 5, 2023.

3. On October 30, 2023, the Caplas filed Deponents' Objections to the Magistrate Order [DE 39].

4. On November 6, 2023, based on the Caplas' Objections to the Magistrate Order, Judge Matthewman extended the deadline for the depositions of the Caplas from November 5, 2023 to December 5, 2023 [DE 42].

5. On November 28, 2023, the Court issued an Order overruling the Caplas' Objections to the Magistrate Order [DE 54].

6. On December 1, 2023, intervenors Douglas Schottenstein, M.D., and his medical practice ("Intervenors") filed a third amended complaint in S.D.N.Y. Case No. 22-cv-10883-PKC (the "SDNY Action"), which prompted the Caplas to file a Motion for a New Hearing on December 4, 2023 (the "Motion for a New Hearing") [DE 56], and a motion to stay discovery pending a decision on their Motion for New Hearing on December 20, 2023 (the "Motion to Stay") [DE 69].

7. Because the Caplas had not yet produced any documents in response to the Subpoenas and because moving forward with depositions of the Caplas prior to their producing such documents would be prejudicial, on December 5, 2023, and January 17, 2024, Orthogen filed unopposed motions to extend the deadline for Orthogen to take the Caplas' depositions to January 17, 2024 and to February 16, 2024, respectively, which Judge Matthewman granted on December 6, 2023 [DE 58] and January 17, 2024, respectively [DE 83].

8. By Order dated January 19, 2024 (and entered on ECF on January 23, 2024), the

Case No. 23-mc-80743-Middlebrooks-Matthewman

Court denied the Caplas' Motion for a New Hearing and Motion to Stay and ordered the Caplas' depositions to be conducted by February 16, 2024 [DE 84].

9. Because the Caplas had taken the position that they would not produce any documents responsive to the Subpoenas absent the entry of a confidentiality agreement and an order authorizing them to produce protected health information ("PHI order"), because the Caplas had refused to agree to the entry of the confidentiality agreement and PHI order that Orthogen had proposed, and because a dispute existed between the parties regarding whether Orthogen should be granted leave to serve a subpoena on JPMorgan Chase ("Chase") for records responsive to the Subpoenas (regarding payments that the Caplas had received from Intervenors), on January 25, 2024, Orthogen filed a motion for (i) entry of the confidentiality agreement and PHI order that it had proposed and (ii) leave to serve a subpoena on Chase (the "Discovery Motion") [DE 85].

10. With respect to the confidentiality agreement and PHI order, in the briefing on the Discovery Motion, Orthogen demonstrated that (i) before Orthogen filed the Discovery Motion, the Caplas had refused to engage with Orthogen on the PHI order (despite Orthogen's repeated requests that they do so), DE 85 ¶¶ 24-25; (ii) before Orthogen filed the Discovery Motion, the Caplas had raised transparently meritless objections to the confidentiality agreement (and refused to produce documents in response to the 1782 Subpoenas until their objections were resolved and the confidentiality agreement was entered), *id.* ¶¶ 8, 11-22; (iii) the Caplas therefore forced Orthogen to expend resources filing a motion to resolve the objections, *see id.*; (iv) once faced with having to respond to Orthogen's well-founded motion, the Caplas immediately abandoned their objections, DE 89 ¶¶ 1-2; and then (v) within hours of Judge Matthewman's entry of the confidentiality agreement and PHI order, the Caplas moved again to stay discovery, DE 97.

3

Case No. 23-mc-80743-Middlebrooks-Matthewman

11. With respect to Orthogen's proposed subpoena to Chase, in the briefing on the Discovery Motion, Orthogen demonstrated that (i) the Caplas prior informal requests to Chase for payment records responsive to Orthogen's 1782 Subpoenas to them — *i.e.,* documents reflecting payments that the Caplas received from Intervenors in connection with the Regenokine Program — were inadequate, (ii) the Caplas repeatedly refused Orthogen's requests that they take reasonable steps to cure the defects in their prior informal requests to Chase, (iii) Chase has not treated the Caplas' prior informal requests with the same seriousness or urgency as it would treat a subpoena, (iv) the Caplas' prior informal requests have resulted in their receipt of a woefully incomplete set of responsive payment records from Chase (the Caplas' counsel has represented that the records do not even identify "deposits as coming from a particular person or particular bank or particular bank account"), (v) in response to the Discovery Motion, the Caplas made two factual assertions that are inconsistent with the representations they previously made about the payments they received from Intervenors through Chase (namely, that the payments were received into one account at Chase rather than two accounts and that the one supposed account was not held directly by Mr. Capla but by an entity wholly owned by him), and (vi) a subpoena to Chase therefore is warranted to ensure that Orthogen receives as complete and useable a set of responsive payment records as is available. [DE 85 ¶¶ 29-43].

12. On February 9, 2024, Judge Matthewman entered the above-referenced confidentiality agreement and PHI order [DE 95; DE 96], and Orthogen's counsel promptly emailed the Caplas' counsel requesting that they produce the documents in their possession, custody, and control responsive to the Subpoenas. Later in the day on February 9, 2024, the Caplas' counsel filed an Expedited Motion for Stay Pending Appeal (the "Expedited Stay Motion") [DE 97], and on February 12, 2024, the Caplas' counsel informed Orthogen's counsel

4

that the Caplas would not be producing documents in light of the Expedited Stay Motion.

13. On February 12, 2024, Orthogen filed its reply on its Discovery Motion [DE 101], and thus Orthogen's request for leave to serve a subpoena on Chase now is fully briefed and has been referred to Judge Matthewman for resolution.

14. At Orthogen's request (because the Caplas' had refused to produce documents while their Expedited Stay Motion was pending and because of the pendency of Orthogen's request for leave to serve a subpoena on Chase), on February 14, 2024, the Court extended the deadline for the Caplas' depositions from February 16, 2024 to March 15, 2024. [DE 105].

15. On March 6, 2024, the Court entered an Order denying the Caplas' Expedited Motion to Stay and, in the Order, stated that "[t]he Caplas must comply with the March 11, 2024, deposition deadline set by the Court." [DE 114].  The March 11, 2024 date may have been a typo, as the Court previously extended the date to March 15, 2024.  [DE 105].

16. In the March 6, 2024 Order, the Court rejected the Caplas' stay arguments and repeated efforts to avoid producing the documents and sitting for the depositions that the Court repeatedly has found Orthogen entitled to receive and take, stating, among other things, "[e]ssentially, at every turn, [the Court] finds that the Caplas have failed to demonstrate a likelihood of success on the merits on appeal" [DE 114 at 3], and "while a litigant may have the ability to appeal an order, a litigant also has a duty to comply with court orders," [DE 114 at 4]. The Court also observed that the Caplas would not be prejudiced by complying with the Court's orders and producing the discovery because "in the unlikely event that the Eleventh Circuit reverses either of [its] prior decisions," it "could still fashion a remedy by requiring Petitioner to destroy or return the documents should the depositions occur."  [DE 114 at 3-4].

17. Less than an hour after the Court's March 6, 2024 Order was docketed on ECF,

Orthogen's counsel emailed the Caplas' counsel requesting that they now produce documents responsive to the Subpoenas, seeking to confirm dates for the Caplas' depositions, and seeking agreement for how to address the outstanding Chase subpoena request, stating:

> Your clients thus far have refused to produce the documents in their possession, custody and control responsive to the 1782 subpoenas, but in light of today's order, no basis exists for their continued refusal. Please confirm that they will produce all such documents by this Friday, March 8. Although the Court's order identifies the current deadline for the Caplas' depositions as March 11, I believe it is March 15. In any event, having not yet received your clients' document production, I will not be in a position to review the documents and travel to Florida to take your clients' depositions by March 15 and I therefore intend to seek a modest extension of the deadline. Please let me know if your clients are available to be deposed on March 21 (Mrs. Capla) and March 22 (Mr. Capla) or on sequential days during the week of March 25. With respect to the Chase subpoena, I suggest that we mutually agree at this point to the Court authorizing a subpoena to Chase to ensure that I have all responsive records at the time of your clients' deposition and avoid the need to leave the deposition open. I am generally available tomorrow if you would like to meet and confer to discuss.

Ex. A. at 9.

18. Shortly thereafter, the Caplas' counsel sent two emails (one from their trial court counsel and one from their appellate counsel) in which they stated that they would agree to extend the dates of the depositions, but added: "As you may know, we have seven days to file motion for a stay in the Eleventh Circuit and that is our intent" (4:01 pm email), and "the Caplas intend to seek review of the order denying the motion for stay in the Eleventh Circuit. We cannot at this time agree to the production you have requested until that is resolved." (4:21 pm email). Ex. A at 7-8.

19. Orthogen's counsel responded later that same day (at 8:38 pm), (i) pointing out that the Caplas' position that they would not produce documents pending review of the Court's March 6, 2024 Order by the Eleventh Circuit cannot be squared with the Court's Order, (ii) requesting confirmation that the Caplas would produce documents responsive to the Subpoenas by noon on March 8, 2024, (iii) requesting confirmation regarding whether the Caplas

are willing to appear for depositions on March 21 and 22, 2024 (or two continuous dates the following week) and whether if the Eleventh Circuit has not resolved their anticipated stay motion by the selected dates, the Caplas would nevertheless appear, and (iv) requesting confirmation regarding whether the Caplas were willing to agree to the Court authorizing a subpoena to Chase now to ensure that the parties have any responsive Chase documents in advance of the Caplas' depositions, or whether they instead would prefer to leave their depositions open and for them to reappear for questioning about any records Chase may produce subsequent to their depositions (if the Court were to resolve the pending motion in Orthogen's favor). Ex. A at 6-7.

20. After an additional email exchange in which Orthogen explained that its request that the Caplas respond to its inquiries by noon on March 8, 2024 was not arbitrary, but instead responsible given that the Court had set a deadline of March 11, 2024 for the Caplas' depositions and the Caplas' responses to the inquiries were necessary to enable Orthogen's counsel to determine the nature of the relief it would need to request in its extension motion and to draft and submit the extension motion in advance of the March 11, 2024 deadline, *see* Ex. A at 4-5, at 5:00 pm on March 7, 2024, the Caplas' trial court counsel emailed Orthogen's counsel stating, "We are attempting to schedule a telephone conference for tomorrow morning when the Caplas can discuss with their appellate counsel the rights (and liabilities) they have.  After that call we will be able to inform you better concerning this matter."  The trial court counsel also (i) noted that the Caplas would be in New York from March 14 to March 23, 2024 but back in Florida after that, (ii) refused to agree to the Court authorizing a subpoena to Chase and stated that the Caplas would not reappear for questioning about any records Chase may produce subsequent to their depositions if the Court were to authorize a subpoena to Chase, (iii) confirmed that the Caplas would be filing a motion in the Eleventh Circuit for review of the Court's March 6, 2024 Order

7

denying their request for a stay, and (iv) suggested baselessly that in pursuing the discovery to which the Court repeatedly has ruled Orthogen is entitled, Orthogen's counsel is "trying to pressure the Caplas into surrendering their right to seek appellate review of the district court order denying a stay." Ex. A at 3-4.

21. Because (i) the Caplas have not yet produced any documents in response to the Subpoenas even after the Court denied their stay application, (ii) the Caplas have taken the position that they will not produce documents until their anticipated motion to stay in the Eleventh Circuit "is resolved," (iii) Orthogen would be prejudiced if it were required to conduct the Caplas' depositions prior to their producing all documents responsive to the Subpoenas in their possession, custody and control, (iv) Orthogen's application for leave to serve a subpoena on Chase remains pending, (v) as demonstrated through the briefing on the Orthogen's application for leave to serve a subpoena on Chase, the application was rendered necessary by the Caplas' refusal to request a comprehensive set of records from Chase and the Caplas' shifting and inconsistent statements regarding the payments they received from Intervenors through Chase, and (vi) in the event that the Court authorizes Orthogen to serve a subpoena on Chase and Chase produces documents beyond those produced by the Caplas (which would consist of documents within the Caplas' control that they should have obtained previously in the many months the Subpoenas have been pending), Orthogen would be prejudiced if it were unable to question the Caplas about such documents, Orthogen respectfully requests that the Court grant the relief requested below.

<u>Relief Requested</u>

22. Based on the foregoing, Orthogen respectfully requests that the Court (i) extend the deadline for Orthogen to take the Caplas' depositions from March 11, 2024 to March 29,

2024, (ii) order that, absent a stay from the Eleventh Circuit or agreement by all parties on alternative dates for the depositions, Mrs. Capla must appear for her deposition on March 28, 2024 and Mr. Capla must appear for his deposition on March 29, 2024, (iii) order the Caplas to produce all documents in their possession, custody and control that are responsive to the Subpoenas by March 13, 2024, and (iv) order that, in the event the Court grants Orthogen's application to issue a subpoena to Chase and Orthogen does not receive responsive records from Chase prior to the dates of the Caplas' depositions and Chase produces records beyond those produced by the Caplas, Orthogen is authorized to recall the Caplas for supplemental deposition questioning limited to such records.

23. Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant consulted with counsel for Caplas and Intervenors to obtain their position regarding the requested relief. Counsel for the Caplas confirmed that they do not object to extending the deadline for the Caplas' depositions, but believe that the extension should be longer than to March 29, 2024 given their intention to seek Eleventh Circuit review of the Court's denial of they stay motion, and that they object to the remainder of the relief sought. Counsel for the Intervenors confirmed that they do not have any objection to the relief sought in this application, and asked that we include the following language: "while [Intervenors] do have objections to the Capla 1782 action (*i.e.*, [their] objection to the entire proceeding) pending in the Southern District of Florida, [they] do not have any objection to the specific relief sought in this application."

Date: March 8, 2024                                          Respectfully submitted,

                                                             *Shalia Sakona*
                                                             Fla. Bar No.: 107398
                                                             **BILZIN SUMBERG BAENA**
                                                             **PRICE & AXELROD LLP**
                                                             1450 Brickell Ave., Suite 2300

Case No. 23-mc-80743-Middlebrooks-Matthewman

Miami, Florida 33131-3456
Telephone: 305-374-7580
Email: ssakona@bilzin.com
Email: eservice@bilzin.com
Email: asolis@bilzin.com

 Christopher B. Harwood
Christopher B. Harwood (*pro hac vice*)
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
charwood@maglaw.com
*Attorneys for Petitioner Orthogen International GmbH*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/    *Shalia Sakona*
        Shalia Sakona